1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona
   JOSEPH W. HANLEY
3  Assistant U.S. Attorney
   405 West Congress Street
4  Suite 4800
   Tucson, Arizona 85701-5040
5  Telephone: (520) 620-7300
   joseph.hanley@usdoj.gov
6  Attorneys for Plaintiff



FILED _____ LODGED
_____ RECEIVED _____ COPY

DEC · 9 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

7

8                UNITED STATES DISTRICT COURT

9                    DISTRICT OF ARIZONA

10  United States of America,          )   CR 10- 0288 - TUC -RCC (JCG)
                        Plaintiff,     )
11                                     )
              vs.                      )   PLEA AGREEMENT
12                                     )
    James Daniel Vannoy                )
13                                     )
                                       )
14                      Defendant.     )
                                       )
15  _____)

16          The United States of America and defendant agree to the following disposition of this

17  matter:

18          1. Defendant agrees to plead guilty to the information charging the defendant with

19  assault on a federal officer in violation of Title 18 United States Code Section 111(a)(1).

20          2. The parties agree that the possible punishment is incarceration for not more than

21  eight (8) years, a fine of not more than $250,000 and a supervised release term of not more

22  than three (3) years .

23          3. Pursuant to Title 18, United States Code, Section 3013, the defendant shall pay a

24  special assessment of $100.00.  The special assessment is due and payable at the time the

25  defendant enters the plea of guilty, but in no event shall be paid later than the time of

26  sentencing unless the defendant is indigent.  If the defendant is indigent, the special

                                         1

1   assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18,

2   United States Code.

3       4.    Pursuant to Rule 11(c)(1)(c), *Federal Rules of Criminal Procedure*, the

4   government and the defendant stipulate and agree that the defendant will be sentenced within

5   the range of 51 to 63 months incarceration. There is no agreement between the parties as to

6   whether such sentence will be concurrent or consecutive to the sentence he is currently

7   serving in the federal bureau of prisons on an unrelated matter. The pending indictment will

8   be dismissed at sentencing.

9       5. If the Court, after reviewing this plea agreement, concludes any provision is

10   inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Rule

11   11(c)(5), *Federal Rules of Criminal Procedure*, an opportunity to withdraw defendant's

12   guilty plea.

13       6.  The defendant and the government agree that this agreement does not in any

14   manner restrict the actions of the government in any other district or bind any other United

15   States Attorney's Office.

16       7.  The defendant hereby waives any and all motions, defenses, probable cause

17   determinations, and objections which defendant could assert to the indictment or to the

18   Court's entry of judgment against the defendant and imposition of sentence upon the

19   defendant consistent with this agreement.  The defendant further waives: (1) any right to

20   appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition

21   of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence

22   appeals); and (3) any right to collaterally attack defendant's conviction and sentence under

23   Title 28, United States Code, Section 2255.  If defendant files a notice of appeal,

24   notwithstanding this agreement, defendant agrees that this case shall be remanded to the

25   district court to determine whether defendant is in breach of this agreement and, if so, to

26   permit the United States to withdraw from the plea agreement.

8. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as the delay occasioned by the later proceedings.

9. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

(a) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(b) All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(c) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(d) All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

10. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be

a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the possible sentence, and I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement.  I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.  I agree that my Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

1

Factual Basis

2      I further agree that the following facts accurately describe my conduct in connection

3 with the offense to which I am pleading guilty and that if this matter were to proceed to trial,

4 the government could prove those facts beyond a reasonable doubt:

5              On September 26, 2009,  at approximately 10:30 a.m., at the USP
       Tucson, correctional officer Christopher Lujan was in the Special Housing
6      Unit checking on inmate James VanNoy. Upon entering VanNoy's cell,
       Officer Lujan saw what appeared to be something in VanNoy's hand.  While
7      prison staff tried to remove the item from VanNoy's hand, VanNoy began to
       struggle.  While attempting to gain control of VanNoy's upper body, VanNoy
8      bit Office Lujan left forearm. The bite resulted in Officers Lujan's skin being
       "broken."

9

10

11    _____          *James Daniel Van Noy*
            Date                    *James Daniel Vannoy*

12

13

14            DEFENSE ATTORNEY'S APPROVAL AND ACCEPTANCE

15      I have discussed this case and the plea agreement with my client in detail and have

16 advised the defendant of all matters within the scope of Rule 11, Fed.R.Crim.P., the

17 constitutional and other rights of an accused, the factual basis for and the nature of the

18 offense to which the guilty plea will be entered, possible defenses, and the consequences of

19 the guilty plea.  No assurances, promises, or representations have been given to me or to the

20 defendant by the government or by any of its representatives which are not contained in this

21 written agreement.  I concur in the entry of the plea as indicated above and on the terms and

22 conditions set forth in this agreement as in the best interests of my client.  I agree to make

23 a bona fide effort to ensure that the guilty plea is entered in accordance with all the

24 requirements of Rule 11, Fed.R.Crim.P.

25 12/9/10             *Dan Cooper*
26 Date                    Dan Cooper, Esq.
                          Attorney for Defendant

5

1

2 <u>GOVERNMENT'S APPROVAL AND ACCEPTANCE</u>

3     I have reviewed this matter and the plea agreement.  I agree on behalf of the United

4 States that the terms and conditions set forth are appropriate and are in the best interests of

5 justice.

6

7

8                         DENNIS K. BURKE
                         United States Attorney
                         District of Arizona

9

10   12|09|2010
     Date

11                          Joseph W. Hanley
                         Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26